UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES STRANGE,<br><br>    Plaintiff,<br><br>        v.<br><br>THE STATE OF ARIZONA,<br><br>    Defendant. | Case No. 20-cv-04351-SI<br><br>**ORDER VACATING DISMISSAL, GIVING DIRECTIONS TO CLERK, AND REQUIRING PLAINTIFF TO FILE COMPLAINT AND *IN FORMA PAUPERIS* APPLICATION**<br><br>Re: Dkt. No. 9 |

Plaintiff sent to this court a "motion to conduct [an] independent decision as to the procedures that were not followed by the Supreme Court" in Arizona. Docket No. 1. In an effort to protect his rights, a new action was opened and the motion was filed on June 30, 2020. Plaintiff was informed that he had not filed a complaint, and was given 28 days to do so or the action would be dismissed. He also was sent a notice that he had not paid the filing fee or applied for leave to proceed *in forma pauperis*, and was given 28 days to either pay the fee or file the application or the action would be dismissed. After plaintiff did not file a complaint or file an *in forma pauperis* application or pay the fee, and the deadline by which to do so passed, the court dismissed the action without prejudice for failure to file a pleading showing the court has subject matter jurisdiction. Judgment was entered.

Plaintiff then filed a notice of appeal, which the Ninth Circuit has construed to include a motion for reconsideration. *See* Docket Nos. 9, 12. In his "motion for reconsideration," plaintiff complained that he had not received the notices informing him that he had to file a complaint and had to pay the filing fee or file a completed *in forma pauperis* application within 28 days. Docket No. 9 at 2-3. Although the notices were not returned to the court as undelivered mail, the court will

give the *pro se* litigant the benefit of the doubt and accept that the notices did not reach him. Accordingly, the court GRANTS plaintiff's motion for reconsideration of the order of dismissal and will give him another chance to file a complaint and pay the filing fee or file a completed *in forma pauperis* application. Docket No. 9.

The order of dismissal and judgment are VACATED. Docket Nos. 7 and 8.

The clerk will mail to plaintiff a copy of the motion at Docket No. 1, the notices at Docket Nos. 2 and 3, a copy of the court's civil rights complaint form, and a copy of the court's *in forma pauperis* application form.

Plaintiff must file a complaint no later than **December 4, 2020**. Failure to file a complaint by the deadline will result in the dismissal of this action. Plaintiff also must pay the full filing fee or file a completed *in forma pauperis* application no later than **December 4, 2020**. Failure to pay the filing fee or file a completed *in forma pauperis* application by the deadline will result in the dismissal of this action.

Plaintiff's original filing that caused this case to be opened suggests he may have filed his document in the wrong court or does not understand the role of this court. Although the document was mailed to this court's street address in San Francisco, the document is captioned as being filed in the "United States District Court of Arizona," is titled "State of Arizona v. Charles Strange," and seeks an "independent" review of a decision from the Arizona Supreme Court. Docket No. 1. Plaintiff is now informed that: (1) the court to which he mailed the document is the United States District Court for the Northern District of California, and that is where the case has been opened; (2) the United States District Court for the District of Arizona is not located in San Francisco, California; and (3) the United States District Court does not have appellate jurisdiction over the Arizona Supreme Court. If plaintiff is attempting to seek federal habeas review of a conviction he suffered in an Arizona court, the only proper venue in which to file a federal petition for writ of habeas corpus is in the District of Arizona – but plaintiff already knows this, as he has filed several habeas petitions there. *See Strange v. Ryan*, D. Ariz. No. CV-19-0041-PHX-DJH (JZB) at Docket No. 6 (January 25, 2019 order dismissing third habeas petition challenging sexual assault, battery, and attempted sexual assault conviction from Pinal County Superior Court without prejudice to

petitioner filing a new action if he ever received permission from Ninth Circuit to file a second or successive petition for writ of habeas corpus).

**IT IS SO ORDERED**.

Dated: October 26, 2020

_____
SUSAN ILLSTON
United States District Judge